

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
ATTORNEY GENERAL

November 18, 1974

The Honorable Roy W. Mouer　　　　　　Opinion No. H- 452
Securities Commissioner
709 State Finance Building　　　　　　Re:　Whether a state employee
Austin, Texas　　　　　　　　　　　　　　may be reimbursed for
　　　　　　　　　　　　　　　　　　　　use of public conveyance
Dear Commissioner Mouer:　　　　　　　in headquarters city.

You have asked:

> May the Comptroller of Public Accounts reimburse
> an employee of the State Securities Board, traveling
> on official business within his designated headquarters,
> for expenses actually incurred in using a public con-
> veyance?

As an example of the type situation which gives rise to your request, you advise that one of your Dallas employees drove his personal car to the Dallas County Courthouse on official business. While there, in connection with Court proceedings it became necessary for him to make a hurried trip to another part of the downtown business area, and return (about three miles, total). Because of the time and expense incident to retrieving his car for the mission, he took a taxicab. The fare was $3.00, which the Comptroller has refused to pay because the Comptroller considers Article 6823a, V. T. C. S., to prohibit an employee traveling within his designated headquarters from receiving more for travel than would be allowed for the use of a private automobile - - 12¢ per mile.

Article 6823a is the Travel Regulation Act of 1959, last amended in 1967. Section 8 thereof reads:

> An employee whose duties customarily require
> travel within his designated headquarters may be
> authorized a local transportation allowance for
> this travel. Such allowance, however, shall never
> exceed the transportation allowance for use of a
> privately owned automobile as set by the Legis-
> lature in the General Appropriations Acts.

p. 2083

Section 10 of the Act reads:

> The provisions of this Act shall not preclude
> reimbursement of claims by officials or employees
> for use of public conveyances.  Transportation is
> authorized by courtesy cards for air, rail and bus
> lines.

The Travel Regulation Act of 1959 is tied to the General Appropriations
Act.   The General Appropriations Act for the 1974-75 biennium (Acts 1973,
63rd Leg., R.S., p. 2203, ch. 659) defines "designated headquarters" to
include the corporate limits of an employee's headquarters city (p. 2203).
It also provides that the maximum rate of reimbursement for official travel
in an employee's private automobile shall be 12¢ per mile, and that "[a]n
employee traveling by rented or public conveyance . . . is entitled to a
transportation allowance equal to the actual cost of necessary transportation
for performing official business" (p. 2204).

In 1971 this office issued Attorney General Opinion M-978 to determine
for employees customarily required to travel within their designated head-
quarters, whether the Texas Rehabilitation Commission might set monthly
transportation allowances " 'without the requirement to report bus fares,
taxi fares, car rentals, and/or mileage for use of personally owned auto-
mobiles.' "  After examining section 8 of Article 6823a, and the then-applicable
Appropriations Act provision, the opinion concluded, " . . . [Y]ou are not
authorized to set a flat rate of transportation allowance in lieu of transportation
expenses."

That opinion did not conclude that the actual charges for taxi fares, bus
fares, or car rentals could not be reimbursed to an employee who had used
such means in the necessary discharge of official business if they happened
to exceed the amount that would be reimbursable for personal car mileage.
It merely decided that a flat allowance for estimated expenses in lieu of
actual expenses could not be made to include all means of travel, because
only the private car allowance could be calculated in that manner.

As noted in Attorney General Constitutional Convention Advisory No. 8
(1974) where the charter of a private airplane was considered, within the
contemplation of the General Appropriation Act involved here, "the means  of
transportation is an element in the test of necessity."  If the use of the taxi
was reasonably necessary to the performance of the employee's official

duty, and if he paid for it himself, he is entitled to be reimbursed under Article 6823a, V. T. C. S., whether or not the expense would have been less had he used his personal automobile.

Assuming the necessity of the expenses incurred, in our opinion your question should be answered affirmatively. Section 8 of Article 6823a, V. T. C. S., is intended only to prevent profiteering on the use of personally owned transportation. It is not intended to curtail local travel by public conveyance necessary to the performance of official business by a public employee.

### SUMMARY

An employee may be reimbursed for actual expenses necessarily incurred in the performance of the employee's official duty within his designated headquarters while using a public conveyance.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee